UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| U.S. RIGHT TO KNOW <br> 4096 Piedmont Ave. #963 <br> Oakland, CA 94611-5221 <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL INSTITUTES OF HEALTH <br> 9000 Rockville Pike <br> Bethesda, Maryland 20892 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 20-cv-3196 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**

**I. INTRODUCTION**

1. Plaintiff U.S. Right to Know brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et. seq., by Defendant National Institutes of Health (hereinafter "NIH") in failing to provide Plaintiff with all non-exempt records responsive to its July 10, 2020 FOIA request, seeking records which "reflect communications" concerning specific key words including but not limited to "Wuhan Institute of Virology." Plaintiff sought and still seeks these records from NIH, a Federal agency, for the period January 21, 2017 until NIH searches for the records. Plaintiff attaches, and incorporates the request as Exhibit A (pages 3-5) to this Complaint.

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff U.S. Right to Know is a nonprofit, public interest organization based in the state of California that works to advance public health and transparency by investigating matters that are often hidden from public scrutiny. The organization shares its findings via media outlets, public health and medical journals, and through its own published reports.

5. Defendant NIH is a federal agency of the United States, and as such, is an agency subject to the FOIA, pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. requires, inter alia, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). See 5 U.S.C. § 552(a)(6)C).

10. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12. Pursuant to FOIA, this Court may assess attorneys' fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## VI. FACTUAL ALLEGATIONS

13. On July 10, 2020, Plaintiff sent a FOIA request to the National Institutes of Health (NIH) seeking records about communications between Federal employees which mention certain key words, including but not limited to "Wuhan Institute of Virology." It is attached to this complaint as Exhibit A (pages 3-5).

14. NIH assigned FOIA Case No. 54696 to Plaintiff's request. Exhibit A (pages 10-13).

15. On August 21, 2020, NIH sent Plaintiff a letter, informing it that the letter was a "final response," that NIH has "determined to withhold those records," that FOIA's "Exemption 7(A) permits the withholding of investigatory records compiled for law enforcement purposes when disclosure could reasonably be expected to interfere with enforcement proceedings," and that Plaintiff had 90 days to administratively appeal the "final response." The NIH letter is attached, and made part of this complaint, as Exhibit A (pages 10-13).

16. NIH assigned PHS Appeal Case No. 2020-00322-A-PHS to the administrative appeal. Exhibit A (pages 17-19).

17. On September 14, 2020, Plaintiff submitted an administrative appeal to the NIH, pointing out the numerous errors made in processing Plaintiff's request. The Plaintiff's administrative appeal is attached, and made part of this complaint, as Exhibit A (pages 15-16).

18. On October 1, 2020, Plaintiff submitted a supplemental administrative appeal. This supplemental administrative appeal included the July 10, 2020 request (Exhibit A, pages 3-5), the August 21, 2020 NIH "final response" (Exhibit A, pages 10-13), Plaintiff's September 14, 2020 administrative appeal (Exhibit A, pages 15-16) and an email constituting the supplemental administrative appeal (Exhibit A, page 21). Exhibit A is attached to and made part of this complaint.

19. As of the date of the filing of this action, Plaintiff U.S. Right to Know has still not received any agency administrative decision or any of the records which it has requested in its July 10, 2020 request.

20. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this judicial review.

## VII. CLAIMS FOR RELIEF

21. Plaintiff realleges, as fully set forth herein, paragraphs 1-20 as previously set forth herein.

22. Defendant NIH has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for its July 10, 2020 FOIA request.

23. By failing to provide Plaintiff with all non-exempt responsive record to its July 10, 2010 FOIA request as described in paragraph 1 above, Defendant NIH has denied Plaintiff its right to these records and the information contained there as provided by the Freedom of Information Act.

24. Defendant NIH has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's July 10, 2020 FOIA request.

25. By failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's July 10, 2020 FOIA request, the NIH has denied Plaintiff's right to this information, provided by law, and pursuant to the Freedom of Information Act.

26. Unless enjoined by this Court, Defendant NIH will continue to violate Plaintiff's legal rights to be provided with copies of the records which it has requested in its FOIA request described in paragraph 1 above.

27. Plaintiff is directly and adversely affected and aggrieved by Defendant NIH's failure to provide responsive records to its July 10, 2020 FOIA request described above.

5

28. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for U.S. Right to Know, providing the following relief:

1. Declare Defendant NIH has violated FOIA by failing to provide Plaintiff U.S. Right to Know with all non-exempt records responsive to its July 10, 2020 FOIA request;

2. Declare Defendant NIH has violated FOIA by failing to complete an adequate search for records responsive to Plaintiff U.S. Right to Know's July 10, 2020 request;

3. Direct by injunction that Defendant NIH perform an adequate search for records responsive to Plaintiff Right to Know's July 10, 2020 FOIA request;

4. Grant Plaintiff Right to Know's costs of litigation, including reasonable attorneys' fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

5. Provide such other relief as the Court deems just and proper.

DATED: This 5th day of November, 2020.

Respectfully Submitted,


/s/ C. Peter Sorenson
C. Peter Sorenson, DC Bar #438089
Sorenson Law Office
PO Box 10836
Eugene, OR 97440
(541) 606-9173
petesorenson@gmail.com

Attorney for Plaintiff